[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10819
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00475-SPC-MRM


GELU TOPA,

Plaintiff-Appellant,

versus

ALMONTE KERBS,
OFFICER ROCHELLE MEJIAS,
et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 29, 2019)


Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gelu Topa, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action, alleging entrapment and false arrest, for failing to state a claim upon which relief may be granted and for improperly serving the complaint. On appeal, Topa argues that the police failed to follow procedures during his arrest and subsequently filed a false police report. Topa does not argue that process was properly served.

I.

A district court's dismissal for failure to state a claim is reviewed *de novo*. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. *Id.* at 1057. To survive a motion to dismiss, a plaintiff's factual allegations must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one which allows a court to draw reasonable inferences that the defendant is liable for the claims. *Id.* *Pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by attorneys. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). However, this leniency does not allow courts to serve as *de facto* counsel or to rewrite *pro se* pleadings. *Id.*

2

Entrapment is an affirmative defense in criminal prosecutions requiring the defendant to produce evidence showing that the government induced the crime and that the defendant was otherwise not predisposed to commit the crime. *United States v. Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016). Whether a defendant was predisposed to commit the crime is a "fact-intensive and subjective inquiry" centered on the defendant's readiness and willingness to engage in the crime. *Id.* at 1235. A § 1983 claim for false arrest requires the plaintiff to show he was arrested without probable cause. *District of Columbia v. Wesby*, 138 S. Ct. 577, 584, 589 & n.6 (2018). Probable cause exists where circumstances create a probability or substantial chance of criminal activity; probable cause is not a high bar. *Id.* at 586.

Topa's second amended complaint, liberally construed, does not assert facts sufficient to state a claim upon which relief may be granted. To the extent entrapment provides grounds for a § 1983 claim, Topa has failed to show that he was coerced into, or otherwise not predisposed to, solicit a prostitute. Topa asserted that when the woman came to his car window, he immediately went along with her and gave her the impression he was interested. This readiness to go along with the woman suggests instead that Topa was predisposed to solicit a prostitute. Topa made no assertions that he was initially hesitant to engage with the woman or was in any way coerced into telling the woman he was interested. Thus, the

3

district court properly dismissed this claim upon the defendants' 12(b)(6) motion. Additionally, Topa has failed to show that the officers did not have probable cause to arrest him for said crime.  By asserting that he showed interest in the woman and had her wait for him elsewhere, Topa created circumstances showing a substantial chance of criminal activity.  Accordingly, we conclude that the district court did not err in dismissing Topa's second amended complaint for failure to state a claim pursuant to the defendants' 12(b)(6) motion and affirm.

**AFFIRMED**